U.S. COURTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

SEP 15 2021

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| Albert Pete Veenstra,III, Kent Ellis, Charles Sacolick, Allen Brandt, Tony Garren, Hunter Smith, Weston Allen, Ruben Garzia, Shane Striker, William Conite, Joshae Patterson, Erineo Garza, Jose Cuevas, Hans Kruger, James Elkins, Frank Alesi, Matthew Smith, Steve Brown, Jason Homburg, Mario Garcia, Christpher Pielstick, Clarence Meeks, Alex Watanabe, David hoots, Ryan Hale, Kim Firouzbakhah, Nathak Knutson, Acencion Hernandez, Christpher Ostergar, Daniel Perkins, Dennis Reed, Tyrell McKinght, and all those similarly situated, under the care, custody and control of the IDOC or the Idaho Department of Probation and Parole,<br><br>    Plaintiffs,<br><br>v.<br><br>BRAD LITTLE, as Governor of the State of Idaho, in official capacity; Idaho State Board of Correction Members, in their official capacities; Idaho Department of Correction Director JOSH TEWALT, in his official capacity; Idaho State Correction Institution Warden ALBERTO RAMIREZ, in his official capacity; Idaho Dept. of Probation and Parole; Commission of Pardon and Parole; STATE OF IDAHO,<br><br>    Defendants. | Case No._____<br><br>PRISONERS CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983<br><br>DEMAND FOR JURY TRIAL<br><br>REQUEST FOR CLASS CERTIFICATION PURSUANT TO FRCP 23&20(a)(1)(a)(2)<br><br>NOTICE OF NON CONSENT TO THE EXERCISE OF JURISDICTION BY A U.S. MAGISTRATE JUDGE TO CONDUCT ANY PROCEEDINGS IN THIS CASE<br><br>REQUEST TO PROCEED IN FORMA PAUPERIS AND WAIVE $400.00 FILING FEE<br><br>REQUEST FOR INJUNCTIVE RELIEF<br><br>SPECIFIC CLAIM: 8th. AMEND. VIOLATION AGAINST CRUEL AND UNUSUAL PUNISHMEMT DELIBERATE INDIFFERENCE<br><br>SPECIFIC CLAIM: 1st. AMEND. VIOLATION OF FREE EXERCISE CLAUSE-- RLUIPH DELIBERATE INDIFFERENCE<br><br>QUESTION OF LAW: ARE DEFENDANTS CONSTITUTIONALY REQUIRED TO MAINTAIN ADEQUATE LEVELS OF CORRECTIONAL STAFF TO ENSURE PRISONER AND CORRECTIONAL STAFF SAFETY/PROTECTION ?<br><br>REQUEST FOR APPOINTMENT OF COUNSEL<br><br>SPECIFIC CLAIM: 14th. AMEND. DUE PROCESS VIOLATION IN RE: GENERAL ORDER #342 DISTRICT COURT ORDER AND DELIBERATE INDIFFERENCE |

## JURISDICTION

1. The United States district Court for the District of Idaho has jurisdiction over plaintiff class under 42 U.S.C. § 1983; plaintiff class also request the federal court to exercise supplemental jurisdiction over any state claims under: 28 U.S.C. § 1367.

## CLASS ACTION ALLEGATIONS

2. This is a class action under FRCP 20 and 23 et seq. Plaintiffs are parties of the class which is composed of all prisoners confined at the Idaho State Correctional Institution (ISCI) and Idaho State Correctional Center (ISCC) and all those similarly situated under the care, custody and control of IDOC including the Department of probation and parole.

3. Plaintiffs are members of the class and their claims are typical/identical to all class members.

4. The questions of law and facts presented by the plaintiffs are common of all class members.

5. The defendants have acted and refused to act on the grounds generally applicable to the class, thereby making final injunctive and declaratory relief necessary with respect to to the class as a whole.

6. Defendants are hiding behind COVID-19 as a pretext for their defence against the 1st. and 8th. violations in light of the fact that the rest of the States agencies are fully operational and staffed to meet their requirements.

7. District Court General Order #342, is unconstitutional as applied to prisoner civil rights complaints by limiting the number of pages that can be filed, a violation of the 14th. amend. right to due process, and not supported by the PLRA.

8. COVID-19, had effectively brought prisoner programing/treatment, education and religious gatherings to a halt during the initial COVID pandimic, but none have been implemented back to pre pandimic levels or scheduling, not due to COVID, but now due to under staffing.

9. **SPECIFIC STATED CLAIM FROM ALL PLAINTIFFS:** Defendants are putting Prisoners and IDOC Staff in harms way, by failing to adequately staff the prisons. An 8th. amend. violation against cruel and unusual punishment, to both Prisoners and IDOC Staff.

9A. On 08/09/21, a female staffer was beaten by an inmate at ISCC. This inmate has a history of assaulting female staffers starting from the fall of 2009. This is his third assault that plaintiff Veenstra knows of. See updated article 8/18/21 Idaho Statesman by Hayat Norimine.

PRISONERS CIVIL RIGHTS COMPLAINT   Page 4

10. Defendants by and through the commission of pardons and parole and the understaffing of the Dept. of probation and parole have failed to provide an effective alternative to incarceration for technical violations i.e., a parolee who has not been convicted of a new felony, misdemeanor offence, to include violent disturbing the peace, or have not alleged to have absconded.

11. **SPECIFIC STATED CLAIM OF ALL PAROLE VIOLATORS:** Defendants by and through the commission of pardon and parole and Id. Dept. of probation and parole are in violation of the 14th. amend, right to due process, by failing to provide an alternative to incarceration (back to prison) for technical violations

12. Plaintiffs allege that the limiting of pages by district Court Order #342, have hindered plaintiffs ability to fully develop the above 2 issues, Nos. 10,11.

### CLASS ACTION REQUEST

13. Appoint Albert Veenstra (ISCI) Kent Ellis (ISCI) and Daniel Perkins (ISCC) as class reps. Appoint class reps. at all IDOC facilities to monitor staffing.

14 Grant plaintiffs request for class certification, and request for counsel.

15. Adequate staffing for prisons, probation and parole and a alternative to incarceration for technical violations are all ripe for consideration, including rescinding General Order #342. Something needs to be done.

### PLAINTIFF PARTIES

16. Plaintiffs, Veenstra, Ellis and Sacolick are housed at ISCI, and have exhausted administrative remedies.
Veenstra Grievance # II 210000643
Ellis Grievance # II 210000649
Sacolick Grievance # II 210000650

17. Plaintiffs, Tony Garren, Hunter Smith, Ruben Garzia, William Canite, Jason Homburg, Frank Alesi, Alan Brandt, Weston Allen, Shane Striker, James Elkins, Matthew Smith, Steve Brown, David Hoots, Ryan Hale, Clarence Meek, Kim Firouzbakhah, Mario Garcia, Nathen Knutson, Christopher Ostergar, Acencion Hernandez, Erino Garza, Joshae Patterson, Hans Kruger, Christpher Pielstick, Jose Cuevas, Alex Watanabe. Are all housed or were housed at ISCI.

18. Plaintiffs, Daniel Perkins, Dennis Reed and Tyrell Mcknight are all housed or were housed at Idaho State Correctional center (ISCC).



# Idaho Department of Correction
## Grievance Form

C59A

| | | | |
|---|---|---|---|
| Offender Name: | VEENSTRA, ALBERT PETE  III | Location: | ISCI |
| Offender Number: | 21864  /OC 59A | Number: | II 210000643 |
| | | Category: | ADMINISTRATION |

### Offender Grievance Information

Date Received: 07/27/2021

The problem is:

IDOC/ISCI, is understaffed an is in violation of the 8th. amend. by putting prisoners and IDOC staff lives in danger. This is cruel and unusual punishment. And in violation of the freee exercise clause of the 1st amend. - By not allowing religious gatherings - RLUIPA

I have tried to solve this problem informally by:

Asking IDOC/ISCI, when will IDOC/ISCI be fully staffed and resume normal operations. See: attached concern form dated -15-2021 - No reply

I suggest the following solution for the problem:

fully staff all IDOC, prisons and ISCI and resume normal operations. Pay IDOC staff more so they will stay. Allow religious gatherings to resume as normal.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/02/2021 | Date Returned: | 08/09/2021 |
| Date Due Back: | 08/16/2021 | Level 1 Responder: | RICHARDSON, |

The response from the staff member or person in charge of the area/operation being grieved:

Mr. Veenstra,

IDOC staffing is within constitutional requirements. Resident and staff safety remains a priority to IDOC, which includes compliance with COVID guidelines specific to congregate settings. Staff recruitment by IDOC is ongoing.

PRISONERS CIVIL RIGHTS COMPLAINT   Page  6

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/10/2021 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 08/26/2021 | Level 2 Responder: | VALLEY III, |
| Date Returned: | 08/10/2021 | Response sent to offender: | 08/10/2021 |

Your grievence has been reviewed and I find:

I have reviewed your grievance and concur with DW Richardson. IDOC staffing is within constitutional requirements. Resident and staff safety remains a priority to IDOC, which includes compliance with COVID guidelines specific to congregate settings. Staff recruitment by IDOC is ongoing.

## Offender Appeal

Offender Comments:

During the Balla termination hearings the court told IDOC and ISCI that if any new law suits were filed about the Balla issues, that the court would remember its history with Balla in the new law suits. Despite this warning from the court, IDOC and ISCI's staffing levels are far below what is required by Balla and the constitution. Please address and remedy the understaffing immediately. Thank you

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 08/16/2021 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 08/16/2021 | Level 3 Responder: | RAMIREZ, ALBERTO |
| Date Due Back: | 09/01/2021 | Response sent to offender: | 08/30/2021 |
| Date Returned: | 08/30/2021 | | |

Your appeal has been reviewed and I find:

Level 1 and Level 2 responders have provided you with well thought out and appropriate responses. In addition, IDOC has recently increased starting pay for Correctional Officers (beginning September 1st) and will be providing other incentives to increase recruitment and retention during these difficult times in which industries/businesses across our country are struggling to hire for vacancies.

PRISONERS CIVIL RIGHTS COMPLAINT   Page 7

DEPARTMENT OF CORRECTION

# Idaho Department of Correction
# Grievance Form

C64A

| | | | |
|---|---|---|---|
| Offender Name: | ELLIS, KENT RICHARD | Location: | ISCI |
| Offender Number: | 60074  10 C 64A | Number: | II 210000649 |
| | | Category: | ADMINISTRATION |

## Offender Grievance Information

Date Received: 07/27/2021

The problem is:

I.D.O.C. / I.S.CI. is understaffed and is in violation of the 8th amendment by putting prisoners and I.D.O.C staff lives in danger. This is cruel and unusual punishment. And in violation of the Free Exercise Clause of the 1st amendment by not allowing religious gatherings. RLUIPA

I have tried to solve this problem informally by:

Asking I.D.O.C./I.S.C.I., when will I.D.O.C./I.S.C.I. be fully staffed and resume normal operations. See attached concern form dated 7-15-2021 w/no reply

I suggest the following solution for the problem:

Fully staff all I.D.O.C. prisons and I.S.C.I. and resume normal operations. Pay I.D.O.C. staff more so they will stay. Allow religious gatherings to resume normal

## Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/02/2021 | Date Returned: | 08/09/2021 |
| Date Due Back: | 08/16/2021 | Level 1 Responder: | RICHARDSON, |

The response from the staff member or person in charge of the area/operation being grieved:

Mr. Ellis,

IDOC staffing is within constitutional requirements. Resident and staff safety remains a priority to IDOC, which includes compliance with COVID guidelines specific to congregate settings. Staff recruitment by IDOC is ongoing.

PRISONERS CIVIL RIGHTS COMPLAINT    Page 8

| Level 2 - Reviewing Authority Response | | | |
|---|---|---|---|
| Date Forwarded: | 08/10/2021 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 08/26/2021 | Level 2 Responder: | VALLEY III, |
| Date Returned: | 08/10/2021 | Response sent to offender: | 08/10/2021 |

Your grievence has been reviewed and I find:

I have reviewed your grievance and concur with DW Richardson. IDOC staffing is within constitutional requirements. Resident and staff safety remains a priority to IDOC, which includes compliance with COVID guidelines specific to congregate settings. Staff recruitment by IDOC is ongoing.

| Offender Appeal |
|---|

Offender Comments:

During the Balla termination hearings, the court told I.D.O.C. and I.S.C.I. that if new lawsuits were filed about the Balla issues, that the court would remember its history with Balla in the new lawsuit's. Despite this warning from the court, I.D.O.C. and I.S.C.I's staffing levels are below what is required by Balla and the Constitution. Please address and remedy the staffing shortages immediately

| Level 3 - Appellate Authority Response | | | |
|---|---|---|---|
| Date Appealed: | 08/16/2021 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 08/17/2021 | Level 3 Responder: | RAMIREZ, ALBERTO |
| Date Due Back: | 09/02/2021 | Response sent to offender: | 08/30/2021 |
| Date Returned: | 08/30/2021 | | |

Your appeal has been reviewed and I find:

Level 1 and Level 2 responders have provided you with well thought out and appropriate responses. In addition, IDOC has recently increased starting pay for Correctional Officers (beginning September 1st) and will be providing other incentives to increase recruitment and retention during these difficult times in which industries/businesses across our country are struggling to hire for vacancies.

PRISONERS CIVIL RIGHTS COMPLAINT   Page 9



# Idaho Department of Correction
## Grievance Form

C68A

| | | | |
|---|---|---|---|
| Offender Name: | SACOLICK, CHARLES LYNN | Location: | ISCI |
| Offender Number: | 37590  /0C 68A | Number: | II 210000650 |
| | | Category: | ADMINISTRATION |

### Offender Grievance Information

Date Received: 07/30/2021

The problem is:

I.D.O.C./I.S.C.I. is & has been understaffed and is in violation of the 8th amend. It puts prisoners & staff lives in danger. This is cruel and unusual punishment + in violation of the Free Exercise clause of the 1st amend, by not allowing for religious gatherings-RLUIPA and education oppertunity to do mandatory classes for release and normal recreation.

I have tried to solve this problem informally by:

Asking I.D.O.C./I.S.C.I when IDOC/ISCI and all I.D.O.C. facilities will be fully staffed and able to resume regular/normal operations. See att. concern no reply

I suggest the following solution for the problem:

Pay staff up to date wages, fully staff in all I.D.O.C. prisons and facilities to resume normal operations, allow all classes available and allow for religious gathering and visiting to completly resume normal operations.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/02/2021 | Date Returned: | 08/09/2021 |
| Date Due Back: | 08/16/2021 | Level 1 Responder: | RICHARDSON, |

The response from the staff member or person in charge of the area/operation being grieved:

Mr. Sacolick,

IDOC staffing is within constitutional requirements. Resident and staff safety remains a priority to IDOC, which includes compliance with COVID guidelines specific to congregate settings. Staff recruitment by IDOC is ongoing.

PRISONERS CIVIL RIGHTS COMPLAINT    Page 10

## Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 08/10/2021 | Grievance Disposition: | MODIFIED |
| Date Due Back: | 08/26/2021 | Level 2 Responder: | VALLEY III, |
| Date Returned: | 08/10/2021 | Response sent to offender: | 08/10/2021 |

Your grievence has been reviewed and I find:

I have reviewed your grievance and concur with DW Richardson. IDOC IDOC staffing is within constitutional requirements. Resident and staff safety remains a priority to IDOC, which includes compliance with COVID guidelines specific to congregate settings. Staff recruitment by IDOC is ongoing.

## Offender Appeal

Offender Comments:

During the Balla termanation hearings, the court told I.D.O.C & I.S.C.I that if any new lawsuits were purposed and filed regaurding Balla issues, that the courts shall remember it's history of Ball into any new lawsuits pertaining to the issues. Despite warnings from the courts I.D.O.C. & all facilities and I.S.C.Is staffing safe levels are far below safe operating standards and what is required of by Balla and the constitution, Please address resolve and remedy this problem issue and danger as per the courts immediately.

## Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 08/16/2021 | Grievance Disposition: | MODIFIED |
| Date Forwarded: | 08/17/2021 | Level 3 Responder: | RAMIREZ, ALBERTO |
| Date Due Back: | 09/02/2021 | Response sent to offender: | 08/30/2021 |
| Date Returned: | 08/30/2021 | | |

Your appeal has been reviewed and I find:

Level 1 and Level 2 responders have provided you with well thought out and appropriate responses. In addition, IDOC has recently increased starting pay for Correctional Officers (beginning September 1st) and will be providing other incentives to increase recruitment and retention during these difficult times in which industries/businesses across our country are struggling to hire for vacancies.

PRISONERS CIVIL RIGHTS COMPLAINT   Page 11

## DEFENDANT PARTIES

19. Defendant BRAD LITTLE, is being sued in his official capacity as Governor, Governor Little is responsible for upholding and ensuring compliance with the Idaho Constitution and statutes enacted by the legislature, including constitutional living conditions and constitutionally adequate levels of staffing at all IDOC prisons, which are at issue in this complaint.

20. Defendant STATE OF IDAHO, by and through Defendant LITTLE, as Governor of the State of Idaho, is legally responsible for the appropriation of adequate funding for the overall operation of the Idaho Department of Correction (IDOC) to include maintaining adequate levels of correctional officers, to insure that the legislative purpose of the IDOC, as set out in the Idaho Code is achieved and adhered to, and that prisoners committed to the IDOC by the courts of the State of Idaho are not debilitated nor deprived of their constitutional rights.

21. Defendant LITTLE as Governor of Defendant STATE OF IDAHO is the correct party to sue. See Idaho const. Art. IV, § 5 ("The supreme executive power of the state is vested in the governor, who shall see that the laws are faithfully execuded.") See: 2014 U.S. Dist. LEXIS 66417, *17

22. Defendant LITTLE, ISBC, and IDOC director Tewalt, were all given actual construction knowledge and notice of the constitutional violations committed by IDOC at ISCI and all Idaho prisons and a request was made to correct said violations. Notice was given in the form of a Declaration pursuant to 28 U.S.C. § 1746; 18 U.S.C. § 1621, of Plaintiffs Veenstra and Ellis on or about 07/20/2021. See: pages, 13 and 14.

23. Defendant JOSH TEWALT is legally responsible for the over seeing of the ISCI and all Idaho Prisons as Director of Prisons.

24. Defendant Alberto Ramirez, as Warden of the ISCI is responsible for the ISCI, and is the final appellate authority on all grievances at ISCI.

25. The above named defendants held their positions at all relevant times during the Constitutional Violations. Said violations started around 07/01/2020, and have only gotten worse.

26. Defendant RAMIREZ, is the Warden at ISCI and is the level three appellate authority, and final word.

```
To: Brad Little                          From: Albert Pete Veenstra, III
    700 W. Jefferson St.                       IDOC #21864
    Suite E-219. POB 83720                     ISCI Unit 10-C 59A
    Boise, Id 83720                            POB 14
                                               Boise, Id 83707
    ISBC
    Governing Members                          Kent Ellis
    1299 N. Orchard, Ste. 110                  IDOC #60074
    POB 83720                                  ISCI Unit 10-C 64A
    Boise, Id 83720                            POB 14
                                               Boise, Id 83707
    IDOC Director Tewalt
    1299 N. Orchard, Ste, 110
    Boise, Id 83720                       DECLARATION UNDER PENALTY OF
                                          PERJURY PURSUANT TO 28 U.S.C
Date: 7-16-2021                           § 1746; 18U.S.C. § 1621 OF:

Re: Constitutional Violations             Albert Pete Veenstra, III
    by IDOC at ISCI and all
    other Idaho Prisons. Actual           Kent Ellis
    Constructive Knowledge and
    Notice. Request to correct
    Violations
```

Governor Little, ISBC Members, IDOC Dir. Tewalt

Greetings, we are sending this Declaration to give Governor Brad Little and the other named parties Actual Construction Knowledge and Notice of 1st. and 8th. constitutional violations committed by the IDOC at ISCI, and all Idaho Prisons. Governor Little and a all the parties named above will be named as defendants in a prisoners civil rights complaint if the violations are not corrected.

Starting in 2021 Idaho Prisons have been understaffed. This is not only putting prisoners lives in danger but also the lives of IDOC correctional staff. This has resulted in an 8th. Amend. violation for prisoners and IDOC staff against cruel and unusual punishment. Furthermore, the understaffing has resulted in more violence (alot not reported and not known by IDOC), less out of cell time, recreation, programing, no personal visiting, and no religious gatherings, a 1st. amend. violation RLUIPH. COVID 19, can only be used as an excuse for so long. The cause for the understaffing is due to low pay for Sgt. and lower level correction officers, and poor staff morale. These are the issues that need to be addressed in order to correct the 1st. and 8th. violations.

Prisoners will file a class action civil rights complaint, and will attempt with the help of former emploies and current IDOC emploies to enclude all IDOC staff who's lives have been put in danger

DECLARATION   Page 1

due to understaffing.

We are requesting in writing that Governor Little and the Idaho Legislators provide adequate and significant funding to increase entry level pay of IDOC correction officers and increase all IDOC correctional officer pay, to include probation and parole officers. So that IDOC can fill all vacant positions at all Idaho Prisons and quit putting prisoners and IDOC staff lives in danger.

On or about 7-14-2021, local TV news reported that the IDOC was short staffed by about 160 officers.

If a civil rights complaint has to be filed due to Governor Little's failure to have these violations corrected he will be sued in his official capacity as Governor of Idaho, Governor Little is responsible for upholding and ensuring compliance with the Idaho Constitution and statutes enacted by the Legislature, including compliance with constitutional living condictions and safety of Idaho prisoners and Idaho emploies which will be at issue in any future complaint filed. See Idaho Constitution Art. IV, § 5 ("The supreme executive power of the state is vested in the governorwho shall see that the laws are faithfully executed.") See: 2014 U.S. Dist. LEXIS 66417 *17.

Dated this 16th. day of July, 2021.

_____
Albert P. Veenstra III

_____
Kent Ellis

Signed under penalty of perjury pursuant to 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Copies sent to:

ISBC Members
1299 N. Orchard, ste.110
POB 83720
Boise, Idaho 83720

IDOC Director Josh Tewalt          Postage paid, IDOC withdrawl
1299 N. Orchard, ste 110           slip #55461
POB 82720
Boise, Id 83720

DECLARATION   Page 2
PRISONERS CIVIL RIGHTS COMPLAINT   Page 14

## FACTS

27. Defendants LITTLE and STATE OF IDAHO by and through its legislatures fail to provide adequate funding for the operation of the ISCI, and IDOC as a whole during its regularly scheduled 2021, Legislation Session, in direct violation of the Constitution of the State of Idaho.

28. The failure of defendants to provide adequate funding has caused an alarming rate of IDOC Correction Officers to resign and seek employment elsewhere that pay an hourly rate higher than the IDOC. Numerous IDOC Correction Officers and POST graduates leave IDOC and go to the Snake River Correctional Institution in Oregon that starts hourly pay at $22.00 to $25.00 an hour.

29. IDOC/ISCI understaffing is not only putting prisoners lives at risk and danger but also the lives of Correctional staff that has remained. This is an 8th. amend. violation against cruel and unusual punishment for the prisoners.

30. There is more violence, less out of cell time, recreation, programing, education, no personal visits, and no religious gatherings a violation of the 1st. amend. RLUIPH. And Inmate extortion.

31. The Supreme court has listed as basic human needs "food, clothing, shelter, medical care and reasonable safety... Unsafe conditions that "pose an unreasonable risk of serious damage to a (a prisoners) future health" may violate the 8th. amend. even if the damage has not yet occurred and may not affect every prisoner exposed to the condictions. See: Helling v. McKinney,___U.S.___,113 S.Ct. 2475,2480 (1993).

32. Defendants failure to adequately staff the prison is attempting to discourage a religion or practice, in violation of the Free Exercise Clause of the 1st. amend.

33. The reason for departure of staff from IDOC is low hourly pay and poor staff morale.

34. The 2021 legislators knew or should have known that IDOC, including IDOC department of probation and parole was under staffed. See: Veenstra v. Little, 1:20-cv-0210-BLW, AP article 5/7/20, Inmates sue..

35. Defendants are hiding behind COVID-19, as a pretext for their defence against the 1st. and 8th. violations in light of the fact that the rest of the States Agencies are fully operational and staffed to meet their requirements.

36. Defendant State of Idaho, along with the commission of pardon and parole has failed to provide an effective alternative to incarceration and has allowed the prison population to grow beyond

PRISONERS CIVIL RIGHTS COMPLAINT   Page 15

the defendants ability to provide and manage protection for prisoners, due to understaffing and to provide the adequate amount of probation and parole officers to supervise parolees upon release, thus causing more recidivism due to no support from a parole officer.

37. Defendants have knowingly and willing continued to violate all prisoners 8th. amend. rights against cruel and unusual punishment, prisoners 1st. amend. right to have religious gatherings all due to understaffing.

38. On 07/23/2021, Sgt. Savala, a female correction officer was the only officer from about 2:30PM until 11:00 PM, managing unit 10 at ISCI, every now and then another officer would show up but leave soon after arriving. There is three tiers in unit 10 with over 100 prisoners. This continues shift after shift at ISCI.

39. Defendants acknowledge that IDOC is understaffed.

---

**IDAHO DEPARTMENT OF CORRECTION**
**Resident Concern Form**

CS9A
F013
21864

Resident Name: VEENSTRA AIRENT
IDOC Number: 21864
Institution, Housing Unit, & Cell: ISCI, unit 10-C-59A
Date: 6-5-21
To: Property Sgt SNYDER
(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: We are having a Hard time getting Books, Rings, and Commissary Property Delivered To Unit 10. I feel that using COVID-19 as an excuse can only be used so Long Before we need to start Looking at The IDOC Staff assigned to Deliver said Property as the Reason why said Property is not Being Delivered, and then Consider whether or not the Staff assigned to Deliver Property needs to Be Replaced. COVID-19 has not stopped IDOC from Taking money off our accounts for said Property. And I recall Be Replaced or Fired for Not Doing the assigned Job that I had ask for. Could you Please Look into this issue for me? Thank you.
(Description of the issue must be written only on the lines provided above.)

Resident signature: AV

**Staff Section**

(Signature of Staff Member Acknowledging receipt) / Associate ID # 0116 / Collected/Received: 6/5/21 (Date collected or Received)

Reply: ISCI property staff are doing what we can while also being short staffed. Thanks. :)

Responding Staff Signature: Laugh
Associate ID #: C958
Date: 6·29·21

---

PRISONERS CIVIL RIGHTS COMPLAINT   Page 16

16

40. Plaintiff Alan Brandt states: Prior to the under staffing I conducted weekly Bible class and worship service "Diamond in the Rough" every Tuesday at 2:00PM to 3:00PM. Plus Sunday services called "Open Fellowship" at 2:00PM to 3:00PM. We haven't been able to access the Chapel for religious services for over (1) year. Nor have we had access to a Christian Chaplain in the unit. Only once in a while Chaplain David Tomlinson brought religious material. These Christian Services and Bible Studies helped many young men to consider their past and the problems involving criminal thinking, drug and alcohol problems. And the right way to live.

41. Plaintiff Hunter Smith states: He is scheduled to see the Commission of pardons and parole and has four required programs to complete before he can be released on parole. His hearing is scheduled on 12/ /2021. One program alone takes six to eight months to complete. FN.1

42. At ISCC, due to understaffing the entire prison is on lock down on Wednesday's and Saturday's. Which results in prolonging inmate programing and puts them further past their parole eligibility date.

43. The U.S. Dist. Court of the District of Idaho, General Order No. 342 only allows plaintiffs 20 pages to file a complaint. Thus, hindering multiple plaintiffs from filing a complaint that can meet the requirements of a sufficient complaint to the court or meet the requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.ct. 1955 (2007, or Ashcroft v. Iqbal,___,U.S.___,129 S.ct 1937, 1949 (2009).

44. Lead plaintiff Veenstra has simultaneous filed a Motion to Rescend General Order 342, in the U.S. District Court of Idaho, as unconstitutional as applied when applied to multiple plaintiff prisoner civil rights complaints. Furthermore nothing in the PLRA supports the limiting of pages that can be filed in a single plaintiff civil rights complaint, let alone a multiple plaintiff civil rights complaint.

45. Plaintiffs could state many more facts if not for the limiting of pages that are set forth in General Order No.342. Such as undocumented inmate on inmate violence and inmate extortion.

46. The STG's have realized that because IDOC is understaffed they can exploit the the weaker prison population and are taking advantage of the understaffing.

47. The entire system is broken due to under staffing at all IDOC facilities and the Idaho Dept. of Probation and Parole.

FN.1: Plaintiff Sacolick was passed over to full term release due to unavailability of programing prior to his parole hearing.

48. No other co-plaintiffs that have read and signed this complaint have exhausted their administrative remedies on these issues, had any other co-plaintiff done so co-plaintiffs concern forms, grievances and grievance appeals would have stated the exact same as plaintiffs Veenstra, Ellis and Sacolick stated in their concern forms, grievances and grievance appeals, in order to secure class certification, anymore would have been redundant.

## LEGAL CLAIMS/CONSTITUTIONAL VIOLATIONS

49. Specific Claim: 14th. amend. violation denial of right to due process. deliberate Indifference

50. U.S. District Court General Order #342, is unconstitutional as applied to in prisoners civil rights complaints by limiting the number of pages that can be filed in a complaint.

51. Specific Claim: 8th. amend. violation against cruel and unusual punishment. And deliberate indifference.

52. Defendant State of Idaho by failing to provide adequate funding to maintain and staff IDOC and Probation and Parole as a whole have violated plaintiffs right to be free from cruel and unusual punishment, a violation of the 8th. amend.

53. Specifis Claim: 1st. amend. violation of the Free Exercise Clause.

54. Defendant State of Idaho failure to adequately staff the prison is attempting to discourage religious gatherings, religion or practice of a religion, in violation of the Free Exercise Clause of the 1st. amend. RLUIPH  Deliberate Indifference

## PRAYER FOR RELIEF

55. Plaintiffs request that the Court enter Injunctive orders requiring Defendants LITTLE, ISBC, TEWALT and THE STATE OF IDAHO to submit a written plan, acceptable to the Court, which will ensure that ISCI/(all IDOC facilities including probation and parole) at all times have constitutuinaly adequate levels of staffing and parole officers.

56. Plaintiffs request that the Court enter Injunctive Orders requiring Defendants to submit a written plan, acceptable to the Court, which will ensure that all IDOC facilities implement treatment programing, education and religious gathering to pre pandimic levels/scheduling. To include visitation.

57. Plaintiffs request that the Court enter Injunctive orders requiring the Defendants, to submit a written plan acceptable to the Court that will ensure that the Commission of pardons and parole and the Id. Dept. of probation and parole have an effective alternative to incarceration for technical violations, i.e., a parolee who has not been convicted of a new felony or misdemeaner offence to include violent disturbing the peace, or have not alleged to have absconed supervision, i.e., technical violations.

PRISONERS CIVIL RIGHTS COMPLAINT   Page 18

## DECLARATION UNDER PENALTY PERJURY

I declare under penalty of perjury: That I am one of the plaintiffs in this action, that I have read the complaint, and that the infom-information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and that I deposited this complaint postage prepaid in a U.S. postal depository unit or that I gave to prison officials to file by ꞌꞌ, on 9 / 2 / 2021. Executed at ISCI.
Scan/email

_____
Albert Pete Veenstra, III

_____
Kent Ellis

_____
Charles Sacolick

ISCC Unit B-2

Boise, ID 83707

_____
Daniel W. Perkins

#3417

Dennis L. Reed 136571

_____

Tyrell McKnight 55074

Tyrel J. McKnight

Had I exhausted my Admin. remedies, my concern form, grievance and grievance appeal would have stated the exact same as plaintiffs, Veenstra, Ellis and Sacolick stated in theirs. Signed pursuant to 28 U.S.C. §1746; § 1621.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury: That I am one of the plaintiffs in this action, and that I have read the complaint, and that the information contained in the complaint is true and correct to the best of my knowledge. 28 U.S.C. § 1746; §1621.

| | |
|---|---|
| Jose Cuevas #135944 | Hunter Smith #139145 |
| Ruben Garzia #134586 | William Canite #139312 |
| Hans Kruger #38667 | Jason Homburg #89861 |
| Frank Alesi #103576 | Alan Brandt #16679 |
| Weston Allen #112284 | Shane Stricker #113076 |
| James Elkins #95159 | Matthew Smith #61401 |
| Steve Brown #35353 | David Hoots #50534 |
| Christopher D. Pielstick #60612 | Ryan Hale #82520 |
| Clarence Meek #107347 | Kim Pirouzbakhah #113289 |
| Mario Garcia #105380 | Nathan Knutson #139880 |
| Christopher Ostergas #133730 | Acencion Hernandez #58021 |
| Alex Watanabe #138281 | Tony Garren #54218 |
| Joshae Patterson #73524 | Erino Garza #118014 |

Had I exhausted my Admin. remedies, my concern form, grievance and grievance appeal would have stated the exact same as plaintiffs Veenstra, Ellis and Sacolick stated in theirs. Signed pursuant to 28 U.S.C. § 1746; § 1621.

Albert Pete Veenstra,III, #21864
ISCI, POB 14, Boise, Id 83707    Pro se

Kent Ellis #60074
ISCI, POB 14, Boise, Id 83707    Pro se

Charles Sacolick #37590
ISCI, POB 14, Boise, Id 83707    Pro se

Daniel Perkins #31417
ISCC, POB 70010, boise, Id 83707    Pro se (ISCC)

Dennis Reed #136571
ISCC, POB 70010, Boise, Id 83707    Pro se (ISCC)

Tyrell McKnight #55074
ISCC, POB 70010, boise, Id 83707    Pro se (ISCC)


Tony Garren #54218
ISCI, POB 14, Boise, Id 83707
                                    Pro se

Alan Brandt #16679
ISCI, POB 14, Boise, Id 83707
                                    Pro se

Hunter Smith #139145
ISCI, POB 14, Boise, Id 83707    Pro se

Weston Allen #112284
ISCI, POB 14, Boise, Id 83707    Pro se

Ruben Garzia #134586
ISCI, POB 14, Boise, Id 83707    Pro se

Shane Striker #113076
ISCI, POB 14, Boise, Id 83707    Pro se

William Canite #139312
ISCI, POB 14, Boise, Id 83707    Pro se

Joshae Patterson #73524
ISCI, POB 14, Boise, Id 83707    Pro se

Erino Garza #118014
ISCI, POB 14, Boise, Id 83707    Pro se

PRISONERS CIVIL RIGHTS COMPLAINT    Page 1

Christopher Ostergar #133730
ISCI, POB 14, Boise, Id 83707    Pro se

HANS KRUGER #38667,
ISCI, POB 14, Boise, Id 83707    Pro se

James Elkins #95159
ISCI, POB 14, Boise, Id 83707    Pro se

Frank Alesi #103576
ISCI, POB 14, Boise, Id 83707    Pro se

Clarence Meeks #107347
ISCI, POB 14, Boise, Id 83707    Pro se

Matthew Smith #61401
ISCI, POB 14, Boise, Id 83707    Pro se

Jason Homburg #89861
ISCI, POB 14, Boise, Id 83707    Pro se

Steve Brown #35353
ISCI, POB 14, Boise, Id 83707    Pro se

Mario Garcia #105380
ISCI, POB 14, Boise, Id 83707    Pro se

Christpher Pielstick #60162
ISCI, POB 14, Boise, Id 83707    Pro se

David Hoots #50534
ISCI, POB 14, Boise, Id 83707    Pro se

Kim Firouzbakhah #113289
ISCI, POB 14, Boise, Id 83707    Pro se

Ryan Hale #92520
ISCI, POB 14, Boise, Id 83707    Pro se

Nathan Knutson #139880
ISCI, POB 14, Boise, Id 83707    Pro se

Alex Watanabe #138281
ISCI, POB 14 Boise, Id 83707    Pro se

Jose Cuevas #135944
ISCI, POB 14, Boise, Id 83707    Pro se

Acencion Hernandez #58021
ISCI, POB 14, Boise, Id 83707    Pro se

PRISONERS CIVIL RIGHTS COMPLAINT    Page 2