UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT PETE VEENSTRA, III; KENT ELLIS; and CHARLES SACOLICK, *et al.*, | Case No. 1:21-cv-00341-DCN |
| Plaintiffs, | **INITIAL REVIEW ORDER OF PLAINTIFF VEENSTRA'S CLAIMS** |
| v. | |
| BRAD LITTLE; JOSH TEWALT; ALBERTO RAMIREZ; IDAHO DEPARTMENT OF PARDONS AND PAROLE, COMMISSION OF PARDONS AND PAROLE; and STATE OF IDAHO, | |
| Defendants. | |

The Clerk of Court conditionally filed Plaintiffs' Complaint as a result of Plaintiffs' status as Idaho prisoners at the time of filing. The Court previously dismissed all unexhausted claims pursuant to the Prison Litigation Reform Act ("PLRA").[1] As a result, the only claims remaining are those of Plaintiffs Veenstra, Ellis, and Sacolick. *See Order Dismissing Unexhausted Claims*, Dkt. 17.

The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having fully reviewed the record, and otherwise being fully informed, the Court concludes that Plaintiff Veenstra's release from prison renders his claims moot. Accordingly, Plaintiff

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

Veenstra's claims must be dismissed.

## 1.      Pleading Standards and Screening Requirement

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to merely a restatement of the elements of a cause of action, without adequate factual support, are not enough.

The PLRA requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) &

INITIAL REVIEW ORDER OF PLAINTIFF VEENSTRA'S CLAIMS - 2

1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).[2] Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

2.    **Discussion**

The Complaint alleges that the Idaho Department of Correction ("IDOC"), the Idaho

---

[2] Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend. *See Lopez*, 203 F.3d at 1130.

Commission of Pardons and Parole ("ICPP"), and various state officials have violated the Constitution by failing to ensure that two prisons—the Idaho State Correctional Institution ("ISCI") and the Idaho State Correctional Center ("ISCC")—are adequately staffed. *Compl.*, Dkt. 1, at ¶¶ 6–15, 29–39, 42–47. Plaintiffs assert claims for injunctive relief under 42 U.S.C. § 1983, contending that this understaffing violates the First, Eighth, and Fourteenth Amendments. *Id.* at ¶¶ 49–54.

Plaintiffs seek the following injunctive relief to remedy the allegedly unconstitutional understaffing:

(1)     Orders requiring Defendants to ensure that "all IDOC facilities[,] including probation and parole," have constitutionally "adequate levels of staffing and parole officers";

(2)     Orders requiring Defendants to "implement treatment programing, education[,] … religious gathering[s]" and visitation to pre-pandemic levels; and

(3)     Orders requiring the ICPP to "have an effective alternative to incarceration for technical violations, i.e., a parolee who has not been convicted of a new felony or misdemeaner [sic] offence to include violent disturbing the peace, or have not alleged to have absconed [sic] supervision."

*Id.* at ¶¶ 55–57.

When this action was filed, Plaintiff Veenstra was a prisoner in the custody of the IDOC and was incarcerated at ISCI. *Id.* at ¶ 16. However, Plaintiff Veenstra has since been released on parole. *See* Dkt. 6; IDOC Offender Search, *available at* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/21864?last_page= (accessed October 21, 2021).

An inmate's release from prison generally renders moot any injunctive relief claims

asserting unconstitutional conditions of confinement. *Wolf v. Otter*, No. 1:12-CV-00526-BLW, 2014 WL 2504542, at \*6 (D. Idaho June 3, 2014) (citing *Wiggins v. Rushen*, 760 F.2d 1009, 1011 (9th Cir. 1985), and *Dilley v. Gunn*, 64 F.3d 1365, 1369 (9th Cir. 1995)). The rationale behind this principle is that former prisoners are "no longer subject to the prison conditions or policies [they] challenge[]." *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012). An exception to mootness upon release applies only if the plaintiff can demonstrate "a reasonable expectation" that he will return to prison and once again be subjected to the condition of which he complains. *Dilley*, 64 F.3d at 1369.

The Complaint does not establish such an expectation. The possibility that Plaintiff Veenstra *might* commit a parole violation at some point in the future, *might* then have his parole revoked, and *might* then be re-incarcerated at ISCI or ISCC is woefully speculative. Because Plaintiff Veenstra has not demonstrated a reasonable expectation that he will again be subjected to the conditions of confinement described in the Complaint, his claims are moot and must be dismissed.

## ORDER

**IT IS ORDERED:**

1.      Plaintiff Veenstra's claims are DISMISSED as moot, pursuant to 28 U.S.C. §§ 1915 and 1915A, and Plaintiff Veenstra is TERMINATED as a party to this action. *See Washington*, 833 F.3d at 1056 (affirmative defense clear from the face of the complaint is appropriate basis for dismissal under §§ 1915 and 1915A). Accordingly, Plaintiff Veenstra's Application to Proceed in Forma Pauperis (Dkt. 8) is DENIED.

2.      The Court will address the remaining claims in this action—those of

Plaintiffs Ellis and Sacolick—at a later date.


DATED: November 3, 2021

David C. Nye
Chief U.S. District Court Judge